# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6085 | **DATE** | 10/15/2010 |
| **CASE TITLE** | Inara Cedrins vs. Santa Fe County et al | | |

**DOCKET ENTRY TEXT**

Cedrins's Motion to Proceed *In Forma Pauperis* [3] is denied and her Complaint is dismissed

■[ For further details see text below.]                                                                  Docketing to mail notices.

## STATEMENT

     Plaintiff Inara Cedrins ("Cedrins") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the following reasons, Cedrins's Motion to Proceed *In Forma Pauperis* is denied and her Complaint is dismissed.

     Cedrins's Complaint alleges that the Santa Fe County Sheriff's Office refused to turn over unexpurgated reports of the theft of her car on April 11, 2008. Further, Cedrins alleges that the Bernalillo County Sheriff's Department refused to turn over reports concerning the recovery of her car on April 15, 2008, including notes on negotiations that led to the car's return. Cedrins notes that the First Judicial District Court of Santa Fe issued a court order requesting this information on April 14, 2008 [sic] but she has not received a response. Cedrins requires this information as evidence in her civil complaints of conversion and conspiracy to defraud, both against her husband, Ramesh Shrestha of Nepal, and his co-sponsor, James Prewitt. Cedrins asks this Court to obtain the unexpurgated report of the car theft and reports of its recovery under the Freedom of Information Act ("FOIA").

     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Cedrins to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Cedrins need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Cedrins is currently unemployed. Her last job was lasted the month of August 2009, when she was self-employed and earned $200. However, Cedrins's financial affidavit does not contain questions (or answers to questions) three, four, five, and six. These questions inquire specifically into additional income from pensions, rental income, social security, annuities, life insurance, disability, workers' compensation, alimony or maintenance, and child support, among others. These questions also inquire whether plaintiff or anyone else living in plaintiff's residence has more than $200 in cash or in a checking or savings account.

| STATEMENT |
|---|

Cedrins's previous employment information does not demonstrate the impact that paying the mandated filing fees will have. Because Cedrins has failed to include these questions, let alone answers to them, this Court is unable to determine whether paying the filing fee will prevent her from providing for life's necessities.

The Court, however, must look beyond Cedrins's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Cedrins brings suit under the federal FOIA against the Santa Fe County and Bernalillo County Sheriff's Offices, neither of which is a federal agency. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) (sheriff acts as a county official or state official). However, the federal FOIA is applicable only to agencies or departments of the federal government, not agencies or departments of a state. *See, e.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d. Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"). Because Cedrins does not name any federal agency in her suit, and does not bring her request under state law, her FOIA claim is without merit.

Cedrins has failed to properly disclose her finances and has not named a federal agency in her FOIA suit. Therefore, Cedrins's Motion to Proceed *In Forma Pauperis* is denied and her Complaint is dismissed.